FILED

2008 OCT 31  AM II: 57

CLERK U. S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  LOCKE LORD BISSELL & LIDDELL LLP
2  John M. Hochhausler (SBN 143801)
   jhochhausler@lockelord.com
3  Amber L. Harley (SBN 245060)
   aharley@lockelord.com
4  300 South Grand Avenue, Suite 2600
5  Los Angeles, CA  90071
6  Tel:   (213) 485-1500
   Fax:   (213) 485-1200
7
8  Attorneys for Defendants
   EXECUTIVE TRUSTEE SERVICES, LLC (incorrectly sued herein as ETS Services,
9  LLC) and GMAC MORTGAGE, LLC (incorrectly sued herein as "GMAC")

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA                      PSG

12
   WILLIAM P. GORNIK,                  )  Case No.  CV08-07227 (Ex)
13                                      )
                                        )
14               Plaintiff,             )  DEFENDANTS EXECUTIVE
                                        )  TRUSTEE SERVICES, LLC AND
15        vs.                           )  GMAC MORTGAGE, LLC'S
                                        )  NOTICE OF REMOVAL
16   ETS SERVICES, LLC, GMAC, and DOES  )
17   1-50, inclusive,                   )  28 U.S.C. §§  1441, 1446 & 1331
                                        )
18               Defendants.            )  [Superior Court of California, County
                                        )  of Los Angeles - West District, Case
19                                      )  No. SC 099877]
                                        )
20                                      )
21  _____       )  Complaint Filed: September 22, 2008
22
23        TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES,
24  AND TO THEIR ATTORNEYS OF RECORD:
25        Defendants Executive Trustee Services, LLC, incorrectly named as "ETS
26  Services, LLC," and GMAC Mortgage, LLC, incorrectly named as "GMAC,"
27  ("Defendants") pursuant to 28 U.S.C. §§ 1441, 1446 and 1331 hereby remove this
28  action from the Superior Court of California, County of Los Angeles - West District,

CONFORM COPY

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

to the United States District Court for the Central District of California, and state as follows:

## STATEMENT OF THE CASE

1.    On September 22, 2008, an action was commenced in the Superior Court of California, County of Los Angeles - West District, styled *William P. Gornik v. ETS Services, LLC, et al.*, Case No. SC 099877 (the "State Court Action").

2.    The Complaint was filed on September 22, 2008. This Notice of Removal is being filed within 30 days of the service of the Complaint and, thus, within 30 days of the date Defendants became aware of the State Court Action. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

3.    The Complaint purports to assert three causes of action, identified and/or generally alleged as follows: (1) unfair debt collection practices; (2) predatory lending practices; and (3) RICO violations.

4.    The unfair debt collection practices cause of action asserts the following statutory violations:

(a) violation of California's Rosenthal Fair Debt Collection Practices Act, including, but not limited to, California Civil Code § 1788(e) and (f);

(b) violation of the Federal Fair Debt Collections Act, 15 U.S.C. §§ 1692 *et seq.*; and

(c) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617.

5.    The predatory lending practices cause of action asserts the following statutory violations:

(a) violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1637;

(b) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601; and

///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1    (c) violation of the Federal Trade Commission Act ("FTC Act"), 15

2    U.S.C. §§ 41-58.

3    6.    Finally, the RICO violations cause of action asserts the following

4    statutory violations: 18 U.S.C. §§ 1961, *et seq.*

## JURISDICTION

### FEDERAL QUESTION JURISDICTION

7    7.    This Court has jurisdiction over this matter under 28 U.S.C. § 1331

8    because Plaintiff's claims arise under the laws of the United States.  The Supreme

9    Court has held that "a case 'arose under' federal law where the vindication of a right

10   under state law necessarily turned on some construction of federal law." *Franchise*

11   *Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983).  Here,

12   Plaintiff alleges direct violations of the Federal Fair Debt Collections Act, RESPA,

13   HOEPA, TILA, the FTC Act and RICO and seeks remedies purportedly pursuant to

14   these federal statutes.  (Compl. ¶¶ 20, 23, 26).  Accordingly, the matter turns upon

15   federal questions, and this Court has jurisdiction.

16   8.    Upon information and belief, no other defendants have been named or

17   served and therefore additional consent is not required.  *Emrich v. Touche Ross & Co.*,

18   846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (the requirement for consent applies "only to

19   defendants properly joined and served in the action.")

20   9.    Accordingly, all properly served and joined defendants, excluding

21   nominal, unknown, and fraudulently joined parties, have consented to this Notice of

22   Removal.

23   10.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a) and 1441(a)

24   because the United States District Court for the Central District of California, is the

25   federal judicial district and division embracing the Superior Court of California for the

26   County of Los Angeles where the State Court Action was originally filed.

27   ///

28   ///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1    11.    Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the

2    process, pleadings, and orders on file in the State Court Action or served on

3    Defendants are attached hereto as *Exhibit 1*.

## CONCLUSION

5    By this Notice of Removal and the associated attachments, Defendants do not

6    waive any objections that they may have as to service, jurisdiction or venue, or any

7    other defenses or objections it may have to this action.  Defendants intend no

8    admission of fact, law or liability by this Notice, and expressly reserve all defenses,

9    motions and/or pleas.  Defendants pray that the Action be removed to this Court, that

10   all further proceedings in state court be stayed, and that Defendants receive all

11   additional relief to which they are entitled.

Dated:  October 31, 2008

Respectfully submitted,

LOCKE LORD BISSELL & LIDDELL LLP

By: _____

John M. Hochhauser
Amber L. Harley
Attorneys for Defendants
EXECUTIVE TRUSTEE SERVICES, LLC
GMAC MORTGAGE, LLC

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

# EXHIBIT 1

09/22/2008 20:14

PAGE 12

1    Mitchell W. Roth, SBN 77962
2    Homan Mobasser, Esq., SBN 251426
    M.W. ROTH, P.L.C.
3    13245 Riverside Drive, Suite 510
    Sherman Oaks, CA 91423
4    Telephone: (818) 989-7888
    Fax: (323) 372-3547
5
    Attorney for Plaintiff
6

7

8

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 22 2008

~~John A. Clarke, Executive Officer/Clerk~~

By J. Donham, Deputy

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

### WEST DISTRICT

WILLIAM P. GORNIK,

     Plaintiff,

     vs.

ETS SERVICES, LLC, GMAC, and DOES 1 – 50, inclusive,

     Defendants.

Case No.: **SC099877**

**LINDA K. LEFKOWITZ**

**COMPLAINT FOR:**
1. **UNFAIR DEBT COLLECTION PRACTICES**
2. **PREDATORY LENDING PRACTICES**
3. **RICO VIOLATIONS**

[Unlimited Jurisdiction Case]

INITIAL CASE MANAGEMENT REVIEW AND CONFERENCE   JAN 1 2 2009

8:30 am DEPT M.

**BY FAX**

### AS TO ALL CAUSES OF ACTION

1. Plaintiff, WILLIAM P. GORNIK, is a natural person.

2. Defendant, ETS SERVICES, LLC, is a business entity, the form unknown to Plaintiff, that is the Trustee named in Exhibit 1, and Defendant, GMAC, is the natural person or entity that has directed and is directing said Trustee to proceed under a power of sale to foreclose.

3. Attached to the complaint as Exhibit 1 is a certain Notice of Sale, which has been issued by Defendant, ETS SERVICES, LLC at the instance of Defendant, GMAC.

-1-
_____
COMPLAINT

11376109.tif - 9/23/2008 8:06:52 AM

Exhibit _1_, Pg. _5_

4.  Does 1 – 50 persons or entities that are unknown to Plaintiff. Their capacities are unknown. Plaintiff alleges that they are in some way involved in the actions complained of herein as either independent actors, or as agents or principals of the other named defendants.  Plaintiff will amend this complaint to allege their true identities, capacities and roles as and when they are ascertained.

5.  Plaintiff is informed and believes, and thereupon alleges, that Defendants, ETS SERVICES, LLC, GMAC, and Does 1 – 50 are proceeding toward a Trustee's sale of the real property commonly known as 9055 Airdrome Street, Los Angeles, CA 90035, the same property identified in Exhibit 1, ostensibly to collect the unpaid balance on the note secured by the security instrument that is identified in Exhibit 1.

6.  Plaintiff is the owner in fee of the real property identified as 9055 Airdrome Street, Los Angeles, CA 90035.

7.  Upon information and belief, GMAC is not the holder of the note identified in the security instrument that is identified in Exhibit 1, is not in possession of the note properly endorsed to it, nor is it otherwise entitled by law in this State to initiate foreclosure under the security instrument identified in Exhibit 1.

8.  GMAC has no present right to initiate foreclosure under the security instrument identified in the Notice of Sale attached as Exhibit 1, nor does it have the right to direct the ETS SERVICES, LLC to foreclose and sell the subject real property owned by Plaintiff. ETS SERVICES, LLC has been put on notice of Plaintiff's claim in this regard and demand has been made of ETS SERVICES, LLC to suspend any foreclosure sale unless and until it has obtained proof that GMAC actually has in its possession the original note properly endorsed to it or assigned to it as of a date preceding the notice of default recorded by ETS SERVICES, LLC. ETS SERVICES, LLC has failed and refused to suspend the sale of the property or to provide proof of the basis of the right of GMAC to initiate foreclosure under the security instrument referred to in Exhibit 1.

9.  Plaintiff alleges that the Defendants and each of them, in so acting in this case and with respect to many other mortgage or trust deed security instruments engage in a pattern and practice of utilizing the non-judicial foreclosure procedures of this State to foreclose on properties when they do

-2-

**COMPLAINT**

Exhibit _1_ , Pg. _6_

not, in fact, have the right to do so, knowing that the property owners affected do not have the knowledge and means to contest the right of said Defendants to do so.

10.     Plaintiff, through Plaintiff's attorney demanded proof of the Defendants' and each of them of their right to proceed in foreclosure in writing. No such proof or its equivalent has been offered.

11.     Plaintiff, through Plaintiff's attorney demanded further a detailed accounting of how the stated amount necessary to be paid to redeem the property from foreclosure has been calculated so that Plaintiff could adequately evaluate Plaintiffs rights under the law with Plaintiff's presale right of redemption. See Exhibit 2, incorporated herein by reference. The response, if any, of Defendants, and each of them, has been so inadequate so as to prevent Plaintiffs from determining whether any or all of the charges included in their payoff demand were justified, appropriate and proper under the terms of obligation evidenced by the negotiable instrument secured by the security instrument identified in Exhibit 1.

12.     The real property owned by Plaintiff that is identified in Exhibit 1 is unique. Therefore, should Defendants, and each of them, not be enjoined, Plaintiff will suffer irreparable injury for which there is no adequate remedy in law when Defendants proceed to sell the subject property at foreclosure sale.

13.     In all of the wrongful acts alleged in this complaint, the Defendants and each of them have utilized the United States mail in furtherance of their conspiracy to both unlawfully collect on negotiable instruments when they were not entitled under the law to do so, and, assuming *arguendo* that they do have the right to proceed to foreclose under the note, to profit from those actions in amounts greater than their rights under the note to do so.

14.     Defendants, and each of them, in committing the acts alleged in this and in other cases are engaging in a pattern of unlawful activity.

///
///
///
///

-3-

**COMPLAINT**

Exhibit _/_, Pg. _7_

15.     As a result thereof, Plaintiff has been damaged in having to hire attorneys before bringing this action and to bring this action to enjoin the threatened non-judicial foreclosure of the subject real property, and has had to and will have to incur attorneys fees to stop the wrongful acts of the Defendants and each of them.  Plaintiff has been damaged in other ways that are not readily apparent at this time, but will amend this complaint to allege further damages as they are determined.

16.     In pursuing non-judicial foreclosure, Defendants and each of them represented that they had the right to payment under the note, payment of which was secured by the security instrument that is indentified in Exhibit 1 to this Complaint.

17.     The true facts were that they were not in possession of the note and either holders of the note or non-holders of the note entitled to payment, as those terms are used in the Uniform Commercial Code §§ 3-301, 3-309, and therefore they were proceeding to foreclose non-judicially without right under the law.  Further, they added costs and charges to the payoff amount of the note that were not justified and proper under the terms of the note or the law.

18.     The Defendants and each of them, misrepresented the facts intending to either force Plaintiff to pay large sums of money to Defendants and each of them to which they were not entitled under the law, or to abandon Plaintiffs property to foreclosure sale.

## FIRST CAUSE OF ACTION

## UNFAIR DEBT COLLECTION PRACTICES

19.     Plaintiff realleges paragraphs 1 – 18 as if fully set forth herein.

20.     Plaintiff is informed and believes and thereupon alleges that the Defendants and each of them, in the taking the actions aforementioned, have violated provisions of California's Rosenthal Fair Debt Collection Practices Act, including but not limited to Civil Code § 1788 (e) and (f), and the Federal Fair Debt Collections Act, 15 U.S.C., Title 41, Subchap. V, §§ 1692 *et seq*, and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617.

## SECOND CAUSE OF ACTION

## PREDATORY LENDING PRACTICES

21.     Plaintiff realleges paragraphs 1 – 20 as if fully set forth herein.

-4-

COMPLAINT

Exhibit *1*, Pg. *8*

22.     Assuming *arguendo* that Defendant, GMAC does have the right under the law of negotiable instruments in this State, by endorsement, assignment, agency or otherwise, to receive payment under a valid note, payment of which is secured by the security instrument that is identified in Exhibit 1, and to initiate foreclosure under a power of sale contained therein, if any, then Defendant, GMAC is subject to defenses that would have been available against Mortgageit Inc., the initial Lender identified in the security instrument that is referred to in Exhibit 1.

23.     Plaintiff is informed and believes and thereupon alleges that Mortgageit Inc. has engaged in deceptive practices with respect to Plaintiff in violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1637, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, Regulation Z, 12 C.F.R. 226, and the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 41-58, the specifics of which are unknown, but which are subject to discovery and with respect to which the specifics will be alleged by amendment to this complaint when ascertained.

24.     One or more of the predatory lending practices referred to in the previous paragraph permits, under the law, one or more defenses or remedies, the specifics of which will be alleged by amendment to this complaint when ascertained.

### THIRD CAUSE OF ACTION
### RICO VIOLATIONS

25.     Plaintiff realleges paragraphs 1 – 24 as if fully set forth hereat.

26.     In doing the aforesaid acts, Defendants and each of them were participating in and have participated in a scheme of racketeering as that term is defined in RICO, 18 U.S.C §§ 1961 *et seq.*

27.     Plaintiff is therefore entitled to the remedies available under RICO in civil actions.

WHEREFORE, Plaintiff prays that:

1.     Defendants, ETS SERVICES, LLC, GMAC, and Does 1 - 50 and each of them, be prohibited from conducting any sale of the subject real property pending the outcome of this case;

///
///
///

-5-

**COMPLAINT**

Exhibit 1, Pg. 9

2.      Defendants, ETS SERVICES, LLC, GMAC, and Does 1 – 50, and each of them, be permanently enjoined from any and all attempts to foreclose on the subject real property unless and until it can present proof that it is entitled, under the law of negotiable instruments in force in Ca, to enforce the underlying promissory note described in the security instrument that is indentified in Exhibit I;

3.      That Plaintiff be awarded monetary damages against the Defendants, ETS SERVICES, LLC, GMAC, and each of them, jointly and severally, that Plaintiff incurred due to the need to bring this action for injunctive relief according to proof,

4.      That Plaintiff be awarded statutory damages for Unfair Debt Collection practices under the federal and California statutes;

5.      That attorneys fees be awarded Plaintiff as may be permitted by law;

6.      That Plaintiff be awarded treble damages as permitted by law,

7.      That prejudgment interest be awarded Plaintiff as permitted by law;

8.      For such other and further equitable relief, declaratory relief and legal damages as may be permitted by law and as the court may consider just and proper.

Dated:  September 22, 2008

Homan Mobasser, Esq.
Attorney for Plaintiff

-6-

**COMPLAINT**

Exhibit _1_, Pg. _10_

Exhibit "1"

Exhibit _1_, Pg. _11_

RECORDING REQUESTED BY
ETS Services, LLC

AND WHEN RECORDED MAIL TO:
ETS Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120

T.S. No. GM-143456-C
Loan No. 0713278562

─────────────────────────────────────────────
SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 4/23/2007. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state, will be held by the duly appointed trustee. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to satisfy the obligation secured by said Deed of Trust. The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein.

TRUSTOR:WILLIAM P. GORNIK, AN UNMARRIED MAN
Recorded 5/1/2007 as Instrument No. 20071043273 in Book , page of
Official Records in the office of the Recorder of Los Angeles County, California.
Date of Sale:3/23/2008 at 10:30 AM
Place of Sale:   At the west side of the Los Angeles County Courthouse,   directly facing
               Norwalk Blvd., 12720 Norwalk Blvd., Norwalk, California
Property Address is purported to be.  9055 AIRDROME STREET
                                      LOS ANGELES, California 90035-0000
APN #  4305-011-007

The total amount secured by said instrument as of the time of initial publication of this notice is $1,048,979.28, which includes the total amount of the unpaid balance (including accrued and unpaid interest) and reasonable estimated costs, expenses, and advances at the time of initial publication of this notice.

Date: 8/29/2008              ETS Services, LLC
                             2255 North Ontario Street, Suite 400
                             Burbank, California 91504-3120
                             Sale Line:  714-730-2727

                             ─────────────────────────────────────
                             Christine Gomez-Schwab, TRUSTEE SALE OFFICER



Exhibit  _1_ , Pg. _12_

Exhibit "2"

Exhibit _1_, Pg. _13_

# MW Roth, PLC

*A Professional Law Corporation*

13245 Riverside Drive, Ste. 320
Sherman Oaks, CA 91423

Office 818.989.7888

facsimile 323.372.3547
www.mwroth.com

Mitchell Roth
John Dale Kerr
Kristine Takvoryan
Catalina L. Manzano
Homan Mobasser
Edward Jacobs II

September 16, 2008

**By Facsimile Only To (818) 260-1850**

Christine Gomez-Schwab
Trustee Sale Officer
ETS Services, LLC
2255 North Ontario Street, Suite 400
Burbank, CA 91504-3120

     Re:  Trustee Sale No:  GM-143456-C
     Loan No: 0713278562
     Property Address: 9055 Airdrome Street, Los Angeles, California, 90035
     Our File Number: 1017/913

Dear Christine Gomez-Schwab:

**Read this letter carefully.  Failing to take appropriate action may result in ETS SERVICES, LLC, and the persons or entities initiating the above referenced foreclosure sale, being named as a Defendant in a RICO[1] action.  ETS SERVICES, LLC will not be able to avoid liability or the need to interpose a defense of such an action by a declaration of non-monetary interest.**

Let me explain.

_____

[1] RICO is the acronym for the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961 *et seq.* which, in part, states, "It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."

Exhibit _1_, Pg. _14_

Christine Gomez-Schwab
ETS Services, LLC
September 16, 2008
Page 2

I am the attorney for William P. Gomik, the owner of the property. We have no information and documentation that the entity or person that initiated the foreclosure through your offices is entitled to do so.

The right to foreclose by judicial or non-judicial action depends upon the right of the Beneficiary to payment under the note, and that depends upon the Beneficiary being able to document its full entitlement to do so under Article 3 of the California Commercial Code §§ 3301, 3309. The law is well settled. Enforcement of a note which is a negotiable instrument, by foreclosure or otherwise, requires that the party seeking payment be **in possession of the original note.**

California Law is well established that a deed of trust or mortgage by itself is ineffective to allow foreclosure. A promissory note is personal property and the deed of trust or mortgage securing a note is a mere incident of the debt it secures, with no separable ascertainable market value. Civ. Code §§ 657, 663. *Kirby v. Palos Verdes Escrow Co.* (1986) 183 Cal. App. 3d 57, 62. Likewise, transfers of the note and mortgage fundamentally flow back to the note. "The assignment of a mortgage without a valid transfer of the indebtedness confers no right, since debt and security are inseparable and the mortgage alone is not a subject of transfer." *Hyde v. Mangan* (1891) 88 Cal. 319; *Johnson v. Razy* (1919) 181 Cal. 342; *Bowman v. Sears* (1923) 63 CA 235; *Treat v. Burns* (1932) 216 Cal. 216.

The right, therefore, to foreclose by judicial or non-judicial action depends upon the right of the Beneficiary (the initiating party) to payment under the note, and that right depends upon the rights of the Beneficiary under Commercial Code §§ 3301, 3309, which govern the right to payment under a negotiable instrument.

The **enforceability of a negotiable instrument arises only from various attributes of** <u>possession</u> of the underlying instrument. Even where an instrument has been transferred, enforceability is still determined based upon possession. There are only three (3) instances, **all arising from possession, which allow a person or entity to enforce a negotiable instrument.**

California Commercial Code § 3301 limits instrument enforcement to the following:

> "Person entitled to enforce" an instrument means (a) the **holder of the instrument,** (b) a nonholder <u>in possession</u> of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418. <u>A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.</u> (Emphasis added)"

The last sentence of 3301 explains why possession of the instrument is a necessary prerequisite to enforcement of the note. The Lender is the one that chooses to evidence the debt in the form of a negotiable instrument for purposes of liquidity. The Lender and

MW Roth, PLC

Exhibit _1_, Pg. _15_

Christine Gomez-Schwab
ETS Services, LLC
September 16, 2008
Page 3

those who would assert a right to payment of the debt can hardly be heard, therefore, to
complain that the law requires the actual possession of the original note before being able
to enforce the note. The attempt to enforce a note by those that are not in actual
possession of the instrument results in the unlawful collection a debt.

Any right to initiate foreclosure of the security interest created by the Trust Deed recorded on
N/A as Instrument No. N/A in the official records in the Office of the County Recorder for Los
Angeles County depends upon the actual possession of the original note by the party initiating
the foreclosure and for whose benefit it is being initiated. As a Trustee and a debt collector, you
participate in collection at the risk that your principal may not, in fact, be in possession of the
original note properly and timely endorsed or assigned to it. If your principal is not, and you,
motivated by profit, proceed because of a lack of adequate due diligence under the assumption
that it is entitled to payment under the note, and if we can show that this is a pattern of activity,
you are, in our view, guilty of violating RICO and liable for treble damages and attorney's fees
under RICO's provisions for a private (civil law) remedy.

An April 30, 2008 article in the Wall Street Journal reported only the latest example of
the abuse by many substantial institutions in the mortgage industry. "The sanctions
against Wells Fargo ($250,000) arose from the case of a homeowner who filed for
bankruptcy protection in 2002. The company that handled her mortgage payments
incorrectly characterized itself as the legal holder of the mortgage, which entitled it to
seek relief as a creditor."

With the current state of the mortgage industry in general, and sub-prime loans like this
one in particular, we know that loans have been packaged and securitized. Many of the
originating lenders have gone out of business entirely and/or their portfolios have been
purchased at fire sale prices. Many of the underlying original notes have been lost or
misplaced and many foreclosures throughout the country are proceeding without the legal
right that stems from the proper transfer of the debt, including the proper transfer of the
original note.

This firm and other consumer protection lawyers have been filing suit against those that
would take unfair advantage of homeowners that are stressed and uninformed of the
details and technicalities of the law by pursuing foreclosure without having possession of
the original note, or by overcharging for costs of collection, or both.

If you proceed to foreclose without proper proof of entitlement, and the party for whom you are
acting is not entitled to payment under the strict requirements of the Commercial Code, you are
assisting in fraudulent activity. A claim of ignorance will not be an adequate defense.
Therefore, you are best advised to insist upon proper proof before proceeding further. Besides
RICO, you actions may prove to be a violation of federal and state laws collection laws, too.

MW Roth, PLC

Exhibit _1_, Pg. _16_

Christine Gomez-Schwab
ETS Services, LLC
September 16, 2008
Page 4

According to my client, the initial lender and holder of the note was MORTGAGEIT INCORPORATION. We have reason to expect that the note has been sold off and that it is no longer owned by MORTGAGEIT INCORPORATION.

Please confirm to me in writing the identity of the person or entity that initiated these foreclosure proceedings, including names and addresses, and indicate how that person or entity came to possess the right to payment under the note. Also, please confirm that this person or entity is in actual possession of the original note properly endorsed to it so that upon payment of the amount due under the note it can be properly surrendered. Again, enforcement of payment on a negotiable instrument through exercising rights under a security instrument requires, with very few exceptions, actual possession of the original note by the person entitled under the note to payment.

I suggest to you two options.

    (1)  Provide confirmation to me, on behalf of my client, that you are suspending the foreclosure process until you give me further notice of at least 21 days, or

    (2)  Produce to me proof that your customer is and was in actual possession of the original note properly endorsed or assigned to it prior to the recording of the notice default.

Failure to do one or the other will result in the filing of a lawsuit against ETS SERVICES, LLC and its customer pursuing an injunction, treble damages and attorney's fees, under RICO and under other available theories.

By proof I mean, at least, a declaration under penalty of perjury from a person in authority for the beneficial owner and holder of the note. The declaration must authenticate by attachment a true and correct copy of the original note and state that the original is in his or her possession. And, the declaration must attach any supporting documentation showing either the proper endorsement or written assignment of the note, or other documentation establishing the facts that are claimed to be the basis of the entity's claimed right to payment under the note.

**Please forward a copy of this letter to the person or entity that is directing you to proceed in this matter. If you are unwilling or unable to do so, please notify me immediately in writing with the necessary information so that I can attempt to do so myself. If you do not send me the necessary information about your customer in writing, I will take that as confirmation that you forwarded a copy of the letter.**

If you would prefer further communication on this matter to be directed to an attorney or legal department for your company, please let me know by return fax or e-mail, including the attorney's name, address and phone number.

MW Roth, PLC

Exhibit _1_, Pg. _17_

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:
Mitchell Roth, CA SBN 77962
Homan Mobasser, Esq., SBN 251426
M.W. Roth, PLC
13245 Riverside Drive, Suite 510
Sherman Oaks, CA 91423

Attorney for Plaintiff(s)



09/23/08

**COPY**

20081711024

Has not been compared with original.
Original will be returned when
processing has been completed.
LOS ANGELES COUNTY REGISTRAR - RECORDER

Space Above This Line for Recorder's Use

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

## WEST DISTRICT

WILLIAM P. GORNIK,

    Plaintiff,

    vs.

ETS SERVICES, LLC, GMAC and DOES 1 – 50,
inclusive,

    Defendants.

Case No.: **SC099877**

**NOTICE OF PENDENCY OF ACTION**
[CCP Section 405.20]

    Notice is given that the above-entitled action was filed in the above-entitled court on September 22, 2008 by plaintiff(s), WILLIAM P. GORNIK against, defendant(s), ETS SERVICES, LLC, GMAC and Does 1 - 50. The action affects title and the right to possession of 9055 Airdrome Street, Los Angeles, CA 90035, the property identified in the complaint.

    The real property affected by the action is located in Los Angeles County, California, and is described as follows:

    APN 4305-011-007

    Code of Civil Procedure Section 405.22 provides that "Except in actions subject to Section 405.6, the claimant shall, prior to recordation of the notice, cause a copy of the notice to be mailed, by

-1-

NOTICE OF PENDENCY OF ACTION [CCP Section 405.20]



Exhibit _1_, Pg. _18_

registered or certified mail, return receipt requested, to all known addresses of the parties to whom the real property claim is adverse and to all owners of record of the real property affected by the real property claim as shown by the latest county assessment roll. If there is no known address for service on an adverse party or owner, then as to that party or owner a declaration under penalty of perjury to that effect may be recorded instead of the proof of service required above, and the service on that party or owner shall not be required. Immediately following recordation, a copy of the notice shall also be filed with the court in which the action is pending. Service shall also be made immediately and in the same manner upon each adverse party later joined in the action.

**I am the attorney of record in the above captioned case.** In signing this notice I state that I have fully complied with Code of Civil Procedure Section 405.22 by serving each of the named defendants by certified mail, return receipt requested, which constitute all of the parties to whom the real property claim is adverse. The Plaintiff(s), who I represent, are all of the owners of record of the real property affected.

I make this statement under penalty of perjury under the laws of the State of California and the statements contained herein are true and correct of my personal knowledge. Executed the date indicated below at Sherman Oaks, California.

Dated September 22, 2008



Homan Mobasser, Esq.

Attorney for Plaintiff

-2-

NOTICE OF PENDENCY OF ACTION [CCP Section 405.20]

Exhibit _1_, Pg. _19_

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> WILLIAM P. GORNIK | DEFENDANTS <br> EXECUTIVE TRUSTEE SERVICES, LLC (incorrectly sued herein as ETS SERVICES, LLC), GMAC MORTGAGE, LLC (incorrectly sued herein as GMAC), and DOES 1-50, inclusive |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> Mitchell W. Roth, Esq. <br> Homan Mobasser, Esq. <br> M. W. ROTH, P.L.C. <br> 13245 Riverside Drive, Suite 510 <br> Sherman Oaks, California 91423 <br> Tel: (818) 989-7888; Fax: (323) 372-3547 | Attorneys (If Known) <br> John M. Hochhausler, Esq. <br> Amber L. Harley, Esq. <br> LOCKE LORD BISSELL & LIDDELL LLP <br> 300 South Grand Avenue, 26th Floor <br> Los Angeles, California 90071 <br> Tel: (213) 485-1500; Fax (213) 485-1200 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC §§ 1692 et al.; 12 USC §§ 2601-2617; 15 USC § 1637; 15 USC § 1601; 15 USC §§ 41-58; 18 USC §§ 1961 et al.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☒ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**  Case Number: **CV08-07227**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)  CIVIL COVER SHEET  Page 1 of 2



CONFORM COPY

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Executive Trustee Services (Florida) GMAC Mortgage, LLC (Texas) |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _[signature]_ Date October 31, 2008

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)  CIVIL COVER SHEET  Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV08- 7227 PSG (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X]  Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ]  Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ]  Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

FILED

2008 OCT 31  PM 12: 0 1

CLERK ⎯ DISTRICT COURT
CENTRAL ⎯ CALIF
LOS ANGELES
BY ⎯

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WILLIAM P. GORNIK** | CASE NUMBER |
| PLAINTIFF(S) | **CV08- 7227 PSG (Ex)** |
| V. | |
| **ETS SERVICES, LLC., ET AL.** | **NOTICE TO PARTIES OF ADR PILOT** |
| DEFENDANT(S). | **PROGRAM** |

Dear Counsel,

The district judge to whom the above-referenced case has been assigned is
participating in an ADR Pilot Program.  All counsel of record are directed to jointly
complete the attached ADR Pilot Program Questionnaire, and plaintiff's counsel (or
defendant in a removal case) is directed to concurrently file the Questionnaire with the
report required under Federal Rules of Civil Procedure 26(f).

Clerk, U.S. District Court

10/31/08                                 By:  NLONGORI

Date                                         Deputy Clerk

ADR-8 (12/07)                       NOTICE TO PARTIES OF ADR PILOT PROGRAM